**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARRELL J. AARON-EL, | ) | CASE NO.  5:10cv2398 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| SCOTT A. SCISLO, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* Plaintiff Darrell J. Aaron-El filed this action under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e against Probation Officer/Sex Offender Specialist Scott A. Scislo, Probation Supervisor Terry Strubbe, and Probation Director Arian Davis. In his complaint, Plaintiff alleges his probation officer is overzealously scrutinizing him for the purpose of harassment. He seeks monetary damages. Plaintiff also filed an application to proceed *in forma pauperis*. That application is granted.

**Background**

Plaintiff alleges his probation officer, Scott Scislo, is harassing him. He states P.O. Scislo threatened to put him in an Oriana House Program because plaintiff's roommate would not open the door when the probation officer arrived for an unannounced visit. He states he instructed his roommate not to open the door unless a law enforcement officer arrived with a search warrant and showed proper identification. P.O. Scislo told him he was not permitted to have a roommate, but plaintiff disputed that this was a condition of

his probation. He contends the officer searched his apartment, including areas occupied by his roommate, when he was not home. He alleges he was subjected to random drug testing. He asserts that Defendants are liable to him for deliberate indifference, harassment, stalking, mental anguish, and violation of his Fourth, Fifth, and Sixth Amendment rights.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, plaintiff's claims are dismissed pursuant to §1915(e).

### I. 42 U.S.C. § 1983

As an initial matter, there are no allegations in the Complaint against Probation Supervisor Terry Strubbe, and Director Arian Davis. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these Defendants to any of the claims set forth by Plaintiff.

It is probable that Plaintiff has included the supervisor and director as defendants because they are P.O. Scislo's superiors. *Respondeat superior* is not a proper basis for liability under § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). The liability of supervisors cannot be based solely on the right to control employees, nor "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421. Furthermore, a supervisory official's failure to oversee, control or train the offending individual is not actionable unless the supervisor "'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)). At a minimum, a plaintiff must show that the supervisor at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Shehee*, 668 F.2d at 874. Plaintiff does not allege any facts to suggest that these individuals either encouraged or directly participated in the conduct.

In addition, Plaintiff fails to state a claim for relief against his probation officer, Mr. Scislo. His Fifth and Sixth Amendment claims are stated solely as legal conclusions. He does not even indicate which part of these Amendments give rise to his claim and none are apparent from the face of the pleading. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* Without factual support, Plaintiff fails to state a claim for violation of his Fifth or Sixth Amendment rights.

While his Fourth Amendment claim is probably in reference to the search of his residence or the drug testing, it is equally deficient. The Fourth Amendment provides, in pertinent part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . . but upon probable cause." U.S. Const. amend. IV; *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 614 (1989). The Fourth Amendment does not preclude all searches that are attributable to the government, only those that are unreasonable. *Skinner*, 489 U.S. at 619. Whether the intrusion is reasonable "depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985). Plaintiff, however, provides no information concerning the search, except that he was not present at the time it occurred, and that he believes areas occupied by others were also searched. Claims asserted in a § 1983 action are personal to the injured party, and Plaintiff therefore cannot base his claim on a violation of his roommate's rights. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). As there are no facts in complaint to suggest how this search was unreasonable and Plaintiff cannot proceed against Defendants for claims that might belong to his roommate, Plaintiff's Fourth

Amendment claim does not meet the pleading requirements of Rule 8.

Plaintiff also contends Defendants were deliberately indifferent toward him. Deliberate indifference generally arises in the context of an Eighth Amendment claim. The Eighth Amendment's protections, however, apply specifically to post-conviction inmates incarcerated in prisons. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992). The Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994). Plaintiff is not incarcerated or detained in a jail or correctional facility. He fails to state a claim for relief under the Eighth Amendment.

## II.  Title VII

Plaintiff also asserts a claim for discrimination under Title VII. Title VII of the Civil Rights Act prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). Plaintiff is not alleging discrimination in employment; Title VII, therefore, is inapplicable.

## III.  State Law Claims

Finally, Plaintiff asserts claims which arise, if at all, under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear

5

Plaintiff's state law claims.

## Conclusion

For all the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: February 28, 2011

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.