UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL J. AARON-EL, | ) | CASE NO.  5:10CV2398 |
| Plaintiff, | ) | |
| vs. | ) | JUDGE SARA LIOI |
| SCOTT A. SCISLO, | ) | |
| Defendant. | ) | **ORDER** |
| | ) | [Resolving Doc. 7] |

Before the Court is Plaintiff's filing captioned a "Notice for Amended Recommendation." (Doc.7.) In the body of the "notice," Plaintiff requests that the Court reconsider its decision (Doc. 4) in light of the attachments he has provided with his filing. (Doc. 7-2.) The Court construes Plaintiff's notice as a motion, and further construes that motion as one for reconsideration. For the reasons set forth herein, Plaintiff's motion is DENIED.

**I. Legal Standard**

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *Rodriguez v. City of Cleveland*, No. 1:08-CV-1892, 2009 WL 1565956 at * 1 (N.D. Ohio, Jun 3, 2009) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979)). Similarly, a motion for rehearing falls within the provisions of Rule 59(e). *See Michigan Dessert Corp. v. A.E. Stanley Mfg. Co.*, 23 Fed. App'x 330, 336 (6th Cir. 2001). The motion is disfavored and is seldom granted because it contradicts notions of finality and repose. *Id. See Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 WL 3104760, at * 1 (N.D.Ohio, Oct.22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Sigal, Inc.*, 904 F.Supp. 644, 669 (N.D.Ohio, 1995). A court may grant a motion to amend

or alter judgment if there is a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio, 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1408 (S.D. Ind., 1994)). Such a motion must, by rule, be filed within twenty-eight days of the entry of judgment. *See* Fed. R. Civ. P. 59(e).

## II. Analysis

In the instant matter, the Court's judgment dismissing Plaintiff's complaint under 28 U.S.C. § 1915 was entered on February 28, 2011. (Doc. 4.) The docket reflects, however, that the copy mailed to Plaintiff on that same date did not reach him, and was returned on March 2, 2011, marked "return to sender, moved left no address, unable to forward." (Doc. 6.) Plaintiff's motion was then filed on April 15, 2011, approximately forty-five days after the Court's entry of judgment. It would appear, then, that Plaintiff did not receive the Court's judgment as quickly as he might have had he maintained his current address with the Court, and that therefore his motion is untimely.

If the Court were to reach the merits, however, it would still be compelled to deny Plaintiff's motion. Plaintiff asserts in the motion that he should be able to join the State of Ohio as a defendant to the action, and that he was held by the U.S. Marshal, who confiscated his

inhalers and would not return them. It is unclear what either of these claims has to do with his case, or what claims he is attempting to assert.

He has attached to his motion a copy of the docket in the Summit County Court of Common Pleas, Case No. CR-2009-06-1857, which the Court infers is the docket of Plaintiff's criminal proceedings in the state court. *See* Doc. 7-2 at 2, "Document 17" docket text.[1] In addition, Plaintiff has provided a copy of the indictment in which Plaintiff, a registered sex offender, was charged with the crimes of "failure to verify current address" and "notice of change of address." (Doc. 7-2 at 4-5.) Finally, Plaintiff has provided a copy of the decision of the Ninth District Court of Appeals in *State of Ohio v. Godfrey*, Case No. 25187, which, according to Plaintiff, supports a contention that an increase of sex offender status is unconstitutional. (Doc. 7-2 at 6-10.)

The Court has, to the best of its ability, reviewed Plaintiff's statements in his motion as well as the exhibits attached thereto. It finds that he has not made the requisite showing under Rule 59(e) of a clear error of law in the Court's dismissal of this action, nor has he shown that newly discovered evidence exists, an intervening change in controlling law has occurred, or that manifest injustice would be prevented if the case were reinstated. *See Gencorp*, 178 F.3d at 834. Instead, it simply asserts various facts and makes vague allegations that appear to constitute a new theory of his case, but those assertions are entirely unclear. While the Court recognizes that filings by pro se plaintiffs are to be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 521 (1972), that principle is not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to conjure up questions never

---

[1] The docket sheet does not contain any sort of case caption. The Court has determined by reading the docket text for several entries that the criminal defendant in the proceedings reflected by the docket sheet is Plaintiff, though it has not determined the relevance of this exhibit to Plaintiff's claims in his motion.

squarely presented to them or to construct full-blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. Therefore, Plaintiff's motion is denied.

### III. Conclusion

For the reasons set forth herein, Plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: August 21, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**